FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2019 MAR 25  PM 3: 46

CORALY HERNANDEZ,

    Plaintiff,

vs.

Case No.: 6:19-cv-580-ORL-41 TBS

ANGELS FOR KIDS ON CALL 24/7, INC.,
a Florida for profit corporation, JOHN VALENCIA,
individually, and ELIZABETH VALENCIA,
individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, CORALY HERNANDEZ ("Plaintiff"), hereby sues Defendants, ANGELS FOR KIDS ON CALL 24/7, INC., a Florida for profit corporation ("Defendant Angels"), Defendant JOHN VALENCIA ("Defendant J. Valencia"), and Defendant ELIZABETH VALENCIA ("Defendant E. Valencia"), collectively referred to as ("Defendants"), and alleges as follows:

### NATURE OF ACTION

1. This is a civil action for damages for violations of the overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA") and unpaid wages under Florida Common Law and § 448.08, *Florida Statutes* (2019).

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiffs' claims under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.* This Court has supplemental jurisdiction over Plaintiffs' claims under Florida Common Law as those claims arise out of the same common nucleus of operative facts as do Plaintiffs' federal claims. *See* 28 U.S.C. § 1367.

3. The venue of this Court over this controversy is proper pursuant to § 47.051, *Florida Statutes* because Defendant Angels is a domestic corporation that has or usually keeps an office for transaction of its customary business in Orange County, Florida. Further, Orange County is where the cause of action accrued because the acts and omissions charged herein occurred in Orange County, Florida which lies in the Middle District of Florida. Defendants employed Plaintiff within Orange County and the unlawful employment practices of Defendants arose in Orange County, Florida.

## PARTIES

4. Plaintiff is an individual residing in Florida and a former employee of Defendants. Plaintiff was engaged in interstate commerce or engaged in the production of goods for interstate commerce as those terms are broadly defined by the FLSA throughout her employment with Defendants.

5. Defendant Angels is a Florida corporation with its principal address in Orange County, Florida. Defendant Angels provides mental health therapy to children and adults. Defendant Angels is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA and was Plaintiff's employer as that term is defined under the FLSA.

6. Defendant J. Valencia is an individual residing in Florida and an agent of Defendant Angels whom, during all times material to this action, was acting directly or indirectly in the interests of Defendant Angels in relation to Plaintiff's employment and was substantially in control of the terms and conditions of Plaintiffs' work and is therefore considered Plaintiff's statutory employer under the FLSA along with Defendant Angels.

7. Defendant E. Valencia is an individual residing in Florida and an agent of Defendant Angels whom, during all times material to this action, was acting directly or indirectly in the interests of Defendant Angels in relation to Plaintiff's employment and was substantially in control of the terms and conditions of Plaintiffs' work and is therefore considered Plaintiff's statutory employer under the FLSA along with Defendant Angels.

## FACTS

8. Plaintiff began employment with Defendants in or around 2015 as an Administrative Assistant. Soon thereafter, she moved to the position of Referral Coordinator. Her final position with Defendants was that of Assessors Coordinator. Defendants terminated Plaintiff on or around October 2018.

9. Plaintiff was a non-exempt hourly employee during the entirety of her employment with Defendants. Her regular hourly rate was $18.00 per hour. Her proper overtime rate should have been $27.00 per hour.

10. Defendants did not pay Plaintiff for all hours worked. Specifically, Defendants routinely deducted time for meal breaks that were either not taken or interrupted by work.

11. Plaintiff also often worked hours in excess of forty (40) per workweek without being compensated time and one-half for those hours. Defendants' use of "Accumulated" time or "Comp" time is impermissible under the law due to being a private employer. Therefore, Defendants are not entitled to set off Plaintiff's damages with any accumulated time that was administered back to Plaintiff.

12. Plaintiff has incurred damages from Defendants' unlawful acts.

13. Plaintiff has retained the law firm of Bogin, Munns & Munns, P.A. to represent her in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

14.     All conditions precedent to the filing of this action have been fulfilled by Plaintiff or waived by Defendants.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT
**(brought by Plaintiff against all Defendants)**

15.     Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-14, *supra*.

16.     Throughout Plaintiff's employment, Defendants repeatedly and willfully violated the FLSA in bad faith by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which she was employed for hours greater than forty (40) in any given workweek. Defendants knew of their obligations under the FLSA to pay a proper overtime rate and showed reckless disregard by intentionally violating those obligations. Accordingly, liquidated damages in an amount equal to the amount of back wages found to be due and owing is appropriate in this case. Also, the three (3) year statute of limitations is applicable affording Plaintiff three (3) years of wages owed.

17.     As a direct and proximate result of Defendants' acts, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

A.      Unpaid overtime wages found to be due and owing from the three (3) year period of time from October 2015 through October 2018;

B.      An additional equal amount as liquidated damages;

C.      Prejudgment interest in the event liquidated damages are not awarded;

D.      Reasonable attorney's fees and costs; and

E.      Such other relief as the Court deems just and equitable;

## COUNT II
## UNPAID WAGES UNDER FLORIDA COMMON LAW
### (brought by Plaintiff against Defendant Angels, only)

18. Plaintiff Hernandez re-alleges and incorporates by reference all allegations contained in paragraphs 1-14, *supra*.

19. This is an action brought pursuant to Florida Common Law as unpaid wages.

20. The parties had an oral agreement that Defendant Angels would pay Plaintiff an hourly wage for work performed.

21. Defendant Angels breached that agreement by routinely only paying Plaintiff for a portion of the hours she worked up to forty (40) in each workweek. Specifically, Defendant Angels routinely deducted time for meal breaks that were either not taken or interrupted by work.

22. This constitutes unpaid wages under Chapter 448.08, Florida Statutes (2019) and Florida common law.

23. Pursuant to Chapter 448.08, Florida Statutes (2019), Plaintiff is entitled to an award of her reasonable attorney fees upon prevailing in this action.

WHEREFORE, Plaintiff demands judgment against Defendant Angels for damages, prejudgment interest, together with costs of suit and a reasonable attorney's fee, along with any such other and further relief as the Court may deem proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

/s/ John Bolanovich
JOHN W. BOLANOVICH, ESQ.
Florida Bar No. 0143707
Bogin, Munns & Munns
1000 Legion Place, Suite 1000

5

Orlando, Florida 32801
Telephone: 407-578-1334
Facsimile:  407-578-2181
Email: jbolanovich@boginmunns.com
Trial Counsel for Plaintiff
CORALY HERNANDEZ