UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CORALY HERNANDEZ,**

    Plaintiff,

v.                                               **CASE NO. 6:19-cv-00580-CEM-EJK**

**ANGELS FOR KIDS ON CALL 24/7, INC.,**
a Florida for profit corporation, **JOHN
VALENCIA**, individually, and **ELIZABETH
VALENCIA**, individually,

    Defendants.
_____/

**MOTION TO WITHDRAW OF ALDO G. BARTOLONE, JR., ESQ.
AND BARTOLONE LAW, PLLC AS COUNSEL FOR DEFENDANT,
ANGELS FOR KIDS ON CALL 24/7, INC.**

The law firm of Bartolone Law, PLLC, along with its attorney Aldo G. Bartolone, Jr., Esq. (collectively the "Firm" or "Counsel"), pursuant to Rule 2.02(c) of the Local Rules for the United States District Court for the Middle District of Florida and Rule 4-1.16 of the Florida Rules of Professional Conduct, hereby files this Motion to Withdraw as Counsel of Record for Defendant, Angels For Kids On Call 24/7, Inc. ("AFK"), and in support thereof further states as follows:

1. This is an action against AFK, as well as its principals, John Valencia and Elizabeth Valencia, for violations of the overtime provisions of the Fair Labor Standards Act and unpaid wages under Florida Common Law and Fla. Stat. § 448.08, which was filed on March 25, 2019.

2. The Firm was retained by AFK in May 2019 to represent it in a Chapter 11 Bankruptcy case, which was filed on May 16, 2019 in the United States Bankruptcy Court,

1

Middle District of Florida, Orlando Division, and assigned Case No. 6:19-bk-03262-KSJ (the "Bankruptcy Case").

3. The Firm neither offered its services to AFK in relation to the above-styled litigation nor was it ever retained to undertake the representation of AFK in this case.

4. The Firm is almost entirely dedicated to the practice of bankruptcy law and, as a courtesy to clients, files suggestions of bankruptcy if there is pending litigation in order to notify the parties and the Court that the automatic stay provisions of 11 U.S.C. § 362(a) are observed.

5. It was the mistaken belief of the undersigned attorney that a suggestion of bankruptcy would not constitute a substantive appearance on behalf of the bankrupt debtor.

6. The undersigned is now aware that the filing of any documents on behalf of a party in a case pending before this Court, including a suggestion of bankruptcy, constitutes an appearance on behalf of that entity.

7. The Firm has not received any compensation for the documents and reports that have been filed in this case, nor is there is any agreement between the Firm and AFK providing for compensation for services rendered in this case.

8. The Firm has given the requisite 14-day notice to AFK as required by Local Rule 2.02(c)(1)(A) of its intention to file this motion to withdraw, as well as counsel of record for the Plaintiff.

9. Contact information for the parties is as follows:

> Angels For Kids On Call 24/7, Inc.
> 513 W. Colonial Drive, Unit 1
> Orlando, Florida 32804
> Phone: 407-730-7983
> jvalenicaafk@gmail.com

evalenciaafk@gmail.com

## **MEMORANDUM OF LAW**

10. Florida Rules of Professional Conduct 4-1.16(b) states:

Except as stated in subdivision (c), a lawyer may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;

(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(5) other good cause for withdrawal exists.

11. The undersigned represents that the withdrawal as counsel of record for the Defendant, Angels For Kids On Call 24/7, Inc., is warranted and necessary in the instant matter.

12. Pursuant to Local Rule 2.02(c):

If a lawyer appears, the lawyer cannot without leave of court abandon, or withdraw from, the action.

(1) To withdraw, a lawyer: (A) must notify each affected client fourteen days before moving to withdraw unless the client consents to withdrawal; and (B) must file a motion to withdraw that includes: (i) a certification that the lawyer has provided fourteen days' notice to the client or that the client consents to withdrawal; and (ii) if withdrawal will result in a person proceeding pro se, the person's mailing address, email address, and telephone number.

13. A permissive motion to withdraw is a matter in the discretion of the court. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124 (1st Cir. 1985).

14. The firm has given the requisite 14 days' notice to the client and counsel for the Plaintiff.

15. Absent permission to withdraw, continued representation of AFK would result in an undue hardship on the undersigned attorney.

16. The undersigned was never retained by AFK to serve as its counsel in this litigation. Counsel was only hired to represent AFK its chapter 11 bankruptcy case.

17. The undersigned does not handle employment and labor law cases and never offered its services to AFK with regard to this case.

18. The undersigned inadvertently appeared in this case on behalf of AFK by the filing of a Suggestion of Bankruptcy.

19. Even the minimal work that the undersigned has undertaken to comply with this Court's orders has not been compensated by AFK.

WHEREFORE, the Firm respectfully requests permission to withdraw as counsel for Angels For Kids On Call 24/7, Inc. and that it be relieved of further responsibility in this case, together with such other relief as is just and proper.

**Local Rule 3.01(g) Certification**

I certify that, pursuant to Local Rule 3.01(g), the undersigned conferred with counsel for the Plaintiff and they oppose the relief requested. Counsel for the Plaintiff was contacted by e-mail regarding his position on this Motion to Withdraw. Plaintiff's counsel responded by stating "Aldo, I feel your pain. However, I cannot consent to your withdrawal. See the attached Response to their prior attorney's motion to withdraw. Although the judge granted

it, I need to preserve my objections.  The bottom line is that my client will be prejudiced because your clients refuse to comply with court orders."

I also certify that the undersigned has contacted and conferred with the Defendant, Angels For Kids On Call 24/7, Inc., and they consent to the withdrawal.

Respectfully submitted this 4th day of May, 2021.

        /s/ Aldo G. Bartolone, Jr.
ALDO G. BARTOLONE, JR.
Florida Bar No. 173134
BARTOLONE LAW, PLLC
1030 N. Orange Ave., Suite 300
Orlando, Florida 32801
Telephone: (407) 294-4440
Facsimile: (407) 287-5544
E-mail: aldo@bartolonelaw.com
*Attorney for Angel For Kids On Call 24/7, Inc.*
*as Debtor and Reorganized Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed electronically with the Clerk of the above-captioned Court using CM/ECF on this 4th day of May, 2021. As such, the foregoing was served electronically upon all counsel participating in CM/ECF.

                                                                            */s/ Aldo G. Bartolone, Jr.*
                                                                            Aldo G. Bartolone, Jr., Esq.